# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8892 | **DATE** | 5/3/2002 |
| **CASE TITLE** | Andre Hunter etc. Vs. City of Waukegan etc. et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The motion to dismiss, based on the two-year statute of limitations is granted. Defendant's motion t strike the response is denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | **Document Number** |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAY 6 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | 13 |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | U.S. DISTRICT COURT 02 MAY -3 PM 12:29 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

ANDRE HUNGER, President, )
Dependable Health Service Corporation, )
Individual and corporate capacity, etc., )
                                 )
          **Plaintiff,** )
                                   )
            **vs.** )     No. 01 C 8892
                                   )
**CITY OF WAUKEGAN, Municipal** )
**Corporation, Waukegan Police** )
**Department, Scott Burelson, Police Chief** )
**Jerry Havel, Police Sargent Tom** )
**Suczwinski, Four unknown Waukegan** )
**Police Officers, etc.,** )
                                   )
          **Defendants.** )

DOCKETED

MAY 6 – 2002

MAY 6 2002

## MEMORANDUM OPINION AND ORDER

Plaintiffs[1] allege that Hunter's home and office were illegally searched on August 10, 1999, during which he was the victim of an assault and battery. He also alleges that he was falsely arrested and imprisoned at the time. The misconduct resulted in negligent and intentional infliction of emotional distress and an invasion of privacy. The complaint was filed November 16, 2001.

Defendants move to dismiss because the case was filed more than two years after the alleged events and for other reasons. Plaintiff Hunter (but not the corporation) responded with a 50-page brief, together with exhibits of about the same volume. Defendants now move

---

[1]The complaint, but not the caption, states that Andre Hunter and his corporation, Dependable Health Service Corporation, are plaintiffs. Count I appears to allege claims by both. The other counts appear to allege claims only by Hunter. If the corporation is a party it must be represented by counsel. It cannot appear *pro se.*



to strike the response, pointing out, correctly, that it violates Local Rule 7.1, which places a 15-page limitation on briefs unless the court has allowed more.

But we choose not to strike it, as defendants do not need to reply. The response describes a whole litany of woes arising after August 10, 1999. None of those, however, is alleged in the complaint, which focuses solely on the events of August 10, 1999, and the immediate aftermath, all more than two years before filing of the complaint. The motion to dismiss, based on the two-year statute of limitations, is granted. If plaintiff or plaintiffs have timely claims he or they wish to litigate, the route to take is another lawsuit, with pleadings, we might add, that conform to the Federal Rules of Civil Procedure and our local rules. But this lawsuit is untimely.

JAMES B. MORAN
Senior Judge, U. S. District Court

May 3 , 2002.